Argued March 3, affirmed April 22, 1976

## CAIN, *Respondent,*
### *v.*
## HEARD, *Appellant.*

548 P2d 978

*C. X. Bollenback,* Portland, argued the cause for appellant. With him on the briefs was Burton J. Fallgren, Portland.

*Dennis M. Odman,* Oregon City, argued the cause for respondent. With him on the brief were Santos & Schneider, Oregon City.

BRYSON, J.

**BRYSON, J.**

Plaintiff brought this suit to rescind a bargain and sale deed from plaintiff to defendant Heard and a subsequent mortgage from defendant Heard to defendant Bahr covering real property in Clackamas County.

Plaintiff alleges that "[b]efore plaintiff executed said deed to defendant Heard, said defendant promised she would marry him and that she would care for plaintiff's physical and medical needs and said promises and representations were made by the defendant Heard with the intention and purpose that plaintiff should rely thereon for the purpose of inducing plaintiff to execute said deed"; that plaintiff relied upon the representations and promises of the defendant and was thereby induced to execute said bargain and sale deed to defendant; that said representations were false and "defendant had no intention of performing services or of marrying plaintiff"; that there was no consideration for said deed and that the mortgage of October 15, 1971, on the same property described in the bargain and sale deed to defendant Roger Joe Bahr to secure defendant's promissory note of $7,500 was without consideration.

Defendant Heard filed a general denial except it is admitted that on December 17, 1969, plaintiff executed a bargain and sale deed to defendant Heard and that on October 15, 1971, defendant Heard executed, delivered and recorded a mortgage, on the property deeded, in favor of Roger Joe Bahr to secure a promissory note in the amount of $7,500.

The trial court entered a decree and judgment in favor of plaintiff and defendant Heard appeals. We review de novo. ORS 19.125(3).

Plaintiff for some 15 years has been suffering from a number of serious ailments and is under the care of physicians and requires constant medication. Since 1966 he has been largely confined to bed or a wheelchair. In 1966-67 he received a grant of $10,000 from

the United States Veteran's Administration toward the construction of a house on the property described in the bargain and sale deed herein in question. The house is specifically constructed with wide halls, no stairs, steps, or exposed heating units to accommodate a wheelchair patient. The First National Bank of Oregon holds a $13,000 mortgage on the premises.

Defendant was employed at the Veteran's Hospital in Portland, Oregon, and met plaintiff while he was there as a patient. Plaintiff was married to Alyce G. Cain, plaintiff's conservator in this case, and divorced in 1965. They were remarried October 3, 1967, separated again in 1968, and divorced again on December 16, 1969. They were remarried again prior to this trial.

Plaintiff executed and delivered the bargain and sale deed to defendant Heard on December 17, 1969. The deed was recorded August 31, 1970.

The evidence discloses that plaintiff was in need of constant care and the Veteran's Administration pays him $300 per month to secure a person to care for him. Otherwise, he has to be in a veteran's hospital or nursing home. In the latter part of 1969 plaintiff asked defendant to marry him and take care of him. He testified that it was on this basis and with the understanding that she would marry him that he gave her the bargain and sale deed to his property and home. Defendant refused to marry plaintiff and plaintiff testified that he did not know that the deed was recorded until a later date when he listed the home for sale with a realty company. This suit was then filed.

The defendant testified that the plaintiff discussed marriage with her and she denied ever promising that she would marry him. The defendant testified:

"Q Then you say he called you and said that his home was for sale?

"A That's right.

"Q When was this? Can you give us an approximate date?

"A That was the first time that he tried to sell it to me, was right after he and Alyce had the divorce. It was up for sale at that time."

Defendant further testified that plaintiff wanted to sell the house to her because he was better off in a nursing home and he wasn't going to live very long; that he wanted to buy a new car.

The defendant testified that she gave plaintiff the sum of $8,000 in cash as consideration for the deed. The plaintiff testified that defendant had not paid him "a cent" for the "deed or property."

The principal question in this case is whether there was any consideration paid by defendant to plaintiff for the deed executed by plaintiff in favor of the defendant covering the real property.

The trial court made the following written findings of fact:

"I.

"That the credibility of the defendant Heard as a witness is found to be very questionable based upon the evasiveness, lack of recall, inconsistent statements and a claim to lack of facts, when obviously such facts were or should have been known by the defendant. Further, certain collateral facts including but not limited to the check, being Exhibit 3, the circumstances of the mortgage to Mr. Bahr, and the late recording of the deed, all create doubt as to the credibility of the witness.

"II.

"That contrary to defendant Heard's claim that she purchased the property and paid $8,000 to Mr. Cain, the Court finds that she did not pay $8,000 or any sum of money in consideration for the property.

"III.

"That the defendant Heard made promises and representations regarding marriage and care of Mr. Cain and by such representations induced him to deliver a deed to her for the property which he owned described in Parag-

[ 731 ]

raph I of the second amended complaint. That such representations and promises were false and were not performed by the defendant Heard.

"IV.

"That on December 17, 1969, James P. Cain executed a deed to the defendant Heard which deed was recorded August 23 [31], 1970, in Clackamas County deed records file No. 70 17259.

"V.

"That said deed was not a gift of the property described therein. That there was a total lack of consideration, either of money or the performance of promises or representations, made to the grantor therein.

"VI.

"The defendant Roger Joe Bahr was not determined to be in default and subsequent to trial has filed an answer."

Defendant contends: "The question for decision is purely one of fact. Did the plaintiff establish the case alleged by clear and convincing evidence or even by the preponderance of the evidence?"

The problem before this court is the same as confronted the trial judge — either the plaintiff or the defendant lied in giving testimony. They gave diametrically opposing testimony, the defendant saying the $8,000 was paid in cash and the plaintiff saying that he did not receive "one cent" from the defendant. It is not a question of who has the burden of proof, but whose testimony do we believe.

After reviewing all of the evidence, we reach the same conclusion as the trial judge, "that the credibility of defendant Heard as a witness is found to be very questionable * * *." We conclude that the plaintiff was induced to make and deliver the bargain and sale deed to his property by the representations of marriage on the part of the defendant and that the defendant did not pay the sum of $8,000 or any other consideration to the plaintiff for the deed.

The only witnesses to testify regarding the pertinent issues in this case were the plaintiff and the defendant. In equity cases this court has been reluctant to substitute its opinion for that of the trial court when the witness' credibility is a deciding factor. We run the risk of drawing incorrect inferences from a lifeless transcript, which is unlike being present in the courtroom during the course of trial.

In *Martin v. Good,* 234 Or 291, 296, 381 P2d 713 (1963), we said:

> "* * * [W]e are not going to reverse a decree by deciding one witness is to be believed and another witness is not to be believed unless because of peculiar circumstances we are convinced that the trial court's decision in this regard is clearly erroneous."

We conclude that plaintiff proved the allegations of his complaint by clear and convincing evidence.

Affirmed.